**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-40948
Summary Calendar

LANEY J. HARRIS,

Plaintiff-Appellant,

versus

TOGO D. WEST, JR.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:96-CV-211

April 19, 1999

Before POLITZ, BARKSDALE , and STEWART, Circuit Judges.

PER CURIAM:[*]

Laney J. Harris appeals the district court's grant of summary judgment. Our review of the record leads us to affirm the judgment below.

<u>Factual and Procedural Background</u>

Appellant Laney J. Harris ("Harris") is a former electronic integrated systems mechanic at the Red River Army Depot ("RRAD"). In July of 1989, during the course of his employment, Harris sustained a lower back injury. On January 16, 1990, Harris informed his supervisor that he could no longer perform the core responsibilities of his position. Specifically, Harris could no longer carry and manipulate electronic components weighing from 10 pounds to 100 or more pounds. Additionally,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harris was required to stoop and bend in close quarters for extended periods of time.

Upon evaluation at the installation health clinic, Harris was temporarily restricted from heavy lifting, bending, climbing and twisting. These temporary restrictions were extended and on May 18, 1990, a physician disqualified Harris from duties as an electronic integrated systems mechanic. Harris was considered permanently restricted from heavy lifting, carrying and repeated bending. Since Harris could no longer perform the functions of his position, RRAD temporarily assigned him to the position of Electronic Worker which commanded a lower pay. Nevertheless, RRAD continued to compensate him at his higher pay.[1]

Harris applied for the position of Electronic Integrated Systems Mechanic Leader after RRAD announced the opening on December 3, 1990. A review panel considered Harris's application along with twenty other applications. The panel did not select Harris for the position which led to Harris filing a formal administrative equal employment opportunity ("EEO") complaint alleging race discrimination on December 3, 1991. The United States Army Civilian Appellate Review Agency ("USACARA") conducted a fact finding conference on April 8, 1992 and found no evidence of discrimination. Harris appealed to the Equal Employment Opportunity Commission ("EEOC").

Eventually, Harris filed three additional EEO complaints including: (1) discrimination on the basis of race; (2) reprisal for failure to provide medical documentation; and (3) a detail to a lower grade.[2] USCARA consolidated the first two EEO complaints, conducted a fact-finding conference and issued a Report of Investigation finding no discrimination or reprisal.

Harris appealed to the EEOC which addressed the following three issues in its consolidated decision: (1) discrimination based on race and physical disability when assigned to duties commensurate with WG-08; (2) discrimination based on race and physical disability and reprisal when Harris's request for leave without pay was denied; and (3) discrimination based on race when Harris

---

[1] As an electronic integrated systems mechanic, Harris commanded pay and allowance at WG-12. The Electronic Worker position was assigned compensation at WG-8.

[2] Issues pertaining to Harris's assignment to a lower grade are not before this court.

was not rated as one of the best qualified persons for the position of Electronic Integrated Systems Mechanic Leader. The EEOC conducted a hearing and issued a recommended decision of "no discrimination" which the RRAD subsequently adopted.

Harris appealed the RRAD's final decision to the EEOC, Office of Federal Operations ("EEOC-OFO"). The EEOC-OFO reviewed Harris's three complaints and found no basis for relief. His March 21, 1996 request for reconsideration was rejected which led Harris to file his instant judicial complaint on July 3, 1996. During discovery, Harris was noticed for a deposition yet he failed to appear. The district court awarded attorneys for West costs in the amount of $753.06 for expenses related to this deposition.

This appeal is among three others Harris has brought to this court over the past six years. Harris filed each complaint in the Eastern District of Texas, Texarkana Division. In Harris v. Stone, No. 5:92CV83 aff'd, No. 92-5136 (5th Cir. June 22, 1993), the district court granted defendant's motion to dismiss ruling that disclosure of a note from Harris's physician was in the "performance of duties" and did not violate the Privacy Act. Approximately two years later, the district court adjudicated Harris v. Sullivan, No. 5:94CV58, aff'd, No. 97-40798 (5th Cir. February 11,1998). Therein, Harris alleged discrimination on the basis of race, color and reprisal because he was not selected for either a WL-12 position[3] or a WL-10 position. Harris also complained that he had received a performance rating that was not "highly successful" and suffered racial threats. Once the district court denied his motion to proceed in forma pauperis, Harris paid his filing fees on April 21, 1995 yet he did not serve the defendant until January 21, 1996. The lower court granted the defendant's motion to dismiss for failure to timely and properly serve the defendant.

Harris filed a third complaint, Harris v. West, No. 5:94CV94, aff'd, No. 97-40799 (5th Cir. July 6, 1998), alleging discrimination on the basis of race, color, reprisal and handicap when he was removed from his position and not provided reasonable accommodations. Harris also alleged that

---

[3]This was not the position at issue in the instant appeal.

3

the agency failed to provide affirmative action for promotion to WG-12 and amended his complaint to amplify his claims of retaliation and to assert that his fifth amendment rights had been violated. The district court granted defendant's motion to dismiss and summary judgment finding that Harris had failed to establish that he was qualified to hold the disputed WG-12 position with or without accommodation. Additionally, the district court found that Harris failed to establish that he was the victim of race or reprisal discrimination and failed to exhaust his administrative remedies. The district court also found that Harris's due process rights had not been violated.

Procedurally, this case began when Harris filed his July 3, 1996 pro se complaint alleging discrimination on the basis of disability, color, race, and reprisal when he was not rated on of the best-qualified applicants for a wage leader position at the Red River Army Depot. Harris alleged that he was not given reasonable accommodations for his disability. Togo D. West, Jr., Secretary of the Army, moved for dismissal and summary judgment which the district court granted. The district court held that Harris was bound by res judicata and that Harris was not qualified to perform the duties of wage-leader. According to the district court, Harris failed to contradict the nondiscriminatory reasons given for his non-selection; the denial of leave without pay status; and issuance of a memorandum of record related to Harris's refusal to provide medical documentation. The district court dismissed the claim for reprisal discrimination and assessed costs for the deposition at which Harris failed to appear. Harris timely appealed to this court.

## Discussion

This Circuit reviews a district court's grant of summary judgment de novo, applying the same standard of review as would the district court. See Ellison v. Connor, 153 F.3d 247, 251 (5th Cir.1998). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. See Eastman Kodak v. Image Technical Services, 504 U.S. 451, 456- 58, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). We review a district court's decision to award costs pursuant to Fed. R. Civ. P. 37(d) for abuse of discretion. See Coane v. Ferrara Pan Candy Co., 898 F.2d 1030 (5th Cir.1990).

4

On appeal, we must consider the following five issues: (1) the application of the doctrine of res judicata to Harris's accommodation claim; (2) the existence, or lack thereof, of a prima facie case of discrimination; (3) Harris's failure to rebut legitimate nondiscriminatory reasons for his nonselection, receipt of a memorandum of record and a denial of request for leave without pay; (4) whether the receipt of a memorandum of record or denial of leave without pay status are adverse employment actions; and (5) whether the district court abused its discretion in assessing costs for Harris's failure to appear at his deposition.[4] We turn to the merits of the arguments on these issues.

The doctrine of res judicata applies where, as here, a party seeks to litigate the same facts and claims previously adjudicated in a subsequent litigation. See Super Van Inc. v. San Antonio, 92 F.3d 366, 370 (5th Cir.1996). The test for claim preclusion or res judicata has four components: (1) The parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. See Swate v. Hartwell, 99 F.3d 1282, 1286 (5th Cir.1996). We find that Harris's claims regarding failure to accommodate his disability, a bad back, have been resolved in Harris v. West, No. 5:94CV94, aff'd, No. 97-40799 (5th Cir. July 6,1998). Accordingly, we affirm the judgment of the district court.

One essential component of a successful discrimination claim includes a plaintiff's demonstration that he is qualified to perform the essential functions of his job. See Davis v. Chevron, 14 F.3d 1082, 1087 (5th Cir. 1994). Harris carries the burden of proof on this issue. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). He contends that he was denied a higher position on the basis of his race, color, handicap and as reprisal for filing an EEOC complaint yet he has failed to demonstrate to the satisfaction of this court that he can fulfill the requisites of the position. Harris was permanently restricted from lifting and carrying jobs as well as repeated bending.

---

[4]Implicitly, Harris attempts to raise a disparate impact theory of discrimination. We summarily reject the same because Harris concedes that he did not bring the action in federal court. Consequently, it is not properly before this court for adjudication.

See Harris v. West, *supra.* The "physical effort" portion of the job requires, in part, the same physical behavior Harris is expressly unable to perform. On the record before us, we cannot find that Harris was otherwise qualified to fulfill the requirements of this position.

Harris has similarly failed to contradict or rebut the legitimate nondiscriminatory reasons for his nonselection. The panel reviewing the applications for the promotion, including Harris's application, conducted a "blind" process in which they did not have access to the name or race of each applicant. The panel constructed a best qualified list based on objective factors such as experience in leading journeymen. Harris had also submitted a poorly written application which reflected unfavorably on him .[5] Harris has failed to bring to our attention any information, facts or evidence to rebut the nondiscriminatory reasons given by his employer for his nonselection.

Similar to his other claims of discrimination, Harris has failed to present a prima facie case of reprisal. According to Harris, the reprisal or retaliation occurred in the form of denial of leave without pay status and the issuance of a memorandum of record. It is incumbent upon Harris to demonstrate that the actions on the part of the RRAD amount to an adverse employment action. See Nowlin v. Resolution Trust Corporation, 33 F.3d 498, 507 (5th Cir. 1994). Harris must also rebut the legitimate nondiscriminatory reasons the RRAD propounds.

In Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995), this court explained, "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." On the facts before us, we do not find that an ultimate employment decision was made adverse to Harris. While Harris was denied leave without pay, he has not alleged that the denial resulted in any loss of pay or benefits. Moreover, Harris has failed to rebut the legitimate nondiscriminatory reason given by the employer for the denial. Harris failed to present to his supervisor medical documentation or recent medical

---

[5]Harris's brief on appeal is also poorly written.

6

information to support his request.[6] We find no discrimination in the denial of leave without pay or in the memorandum for record memorializing the denial.

Finally, Harris challenges the district court's award of costs attendant to his failure to appear at a scheduled deposition. We find no abuse of discretion. Over the past six years, Harris has frequently called upon the district court to adjudicate matters arising out of his employment at the RRAD; yet, Harris's appreciation of the process must transcend filing complaints which in some respects are duplicative. Discovery affords, <u>inter alia</u>, the litigants an opportunity to exchange information, assess the merits of the case, and prepare a case-in-chief or defense. This process depends upon the cooperation of the litigants. Here, counsel made reasonable expenditures in reliance on Harris's commitment to attending the deposition. The district court properly assessed those costs to Harris's since he failed to attend.

<u>Conclusion</u>

For the reasons assigned, we AFFIRM the judgment of the district court.

---

[6] Although Harris's supervisor asked him to update a ten-month old doctor's slip, he declined to do so.